**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | C O M P L A I N T |
| v. | ) | |
| | ) | JURY TRIAL DEMAND |
| SUNNYBROOK EDUCATION | ) | |
| ASSOCIATION, IEA-NEA, | ) | |
| Defendant | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Eugene Johnson.  As alleged with greater particularity in paragraphs 10-14 below, Sunnybrook Education Association, IEA-NEA ("the Union") discriminated against Johnson because of his race, Black, when it grieved his promotion to head janitor.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Sunnybrook Education Association, IEA-NEA, has continuously been a labor organization which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members.  At all relevant times, the Union has been the recognized collective bargaining representative for employees of the Sunnybrook School District 171.

5. At all relevant times, Defendant Union has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Eugene Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Union.

7. On July 26, 2022, the Commission issued to Defendant Union a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 22, 2022, the Commission issued to Defendant Union a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

10.     Since at least November 19, 2018, Defendant Union has engaged in unlawful employment practices at Sunnybrook School District 171 in Lansing, IL, in violation of Section 703(c) of Title VII, 42 U.S.C. 2000(e)-2.

11.     Defendant Union discriminated against Johnson, and caused Sunnybrook School District 171 to discriminate against Johnson, because of his race when it grieved his promotion to Head Custodian, rather than either ignoring his promotion or negotiating a Memorandum of Understanding with the School District as it did in the case of non-Black members who were awarded salaries outside the terms of the collective bargaining agreement.

12.     The effect of the practices complained of in paragraphs 10 and 11 above has been to deprive Eugene Johnson of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

13.     The unlawful employment practices complained of in paragraphs 10 and 11 above were and are intentional.

14.     The unlawful employment practices complained of in paragraphs 10 and 11 above were and are done with malice or with reckless indifference to the federally protected rights of Eugene Johnson.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Union, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of race.

B.      Order Defendant Union to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Union to make whole Eugene Johnson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to payment of front pay in lieu of promotion to head janitor, and making catch-up payments to ensure that Eugene Johnson's eventual pension payments are not diminished as a result of the Union's discrimination.

D.      Order Defendant Union to make whole Eugene Johnson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 and 11 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

E.      Order Defendant Union to pay Eugene Johnson punitive damages for its malicious and reckless conduct, as described in paragraphs 10 through 14 above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Gwendolyn Young Reams
Acting General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

s/ Ethan M. M. Cohen
Ethan Cohen
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov

s/ Jonathan Delozano
Jonathan Delozano
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn Street
Chicago, IL 60604
Email:jonathan.delozano@eeoc.gov