IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23 CV 2804 |
| v. | ) ) | Judge Joan B. Gottschall |
| Sunnybrook Educational Association, IEA-NEA, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission ("the Commission") commenced this action by filing a complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against a single defendant, Sunnybrook Education Association, IEA-NEA ("the Union"). Compl. 1 & ¶¶ 1–4, ECF No. 1; *see also* 42 U.S.C. § 2000e-5(f)(1). The Union serves as the authorized collective bargaining representative of employees of Sunnybrook School District No. 171 in Lansing, Illinois. *See* Compl. ¶¶ 4, 10. Before the court is the Union's motion under Federal Rules of Civil Procedure 12(b)(7) and 19 to dismiss the complaint for failure to join the school district. The court also has before it the Union's motion to stay discovery pending a ruling on its motion to dismiss. Because the Union has not shown that Rule 19(a)(1) requires the school district to be joined if feasible, the court denies the Union's motion to dismiss.

### The Complaint

For purposes of the Union's Rule 12(b)(7) motion to dismiss, the court accepts the "allegations in the complaint as true." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001) (citing *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 499 n.2 (7th Cir. 1980)). In 2018, the school district promoted Eugene Johnson, an African-

American man, to head custodian.[1]  *See* Compl. ¶¶ 6, 10–11.  At issue is the salary the district initially decided to pay Johnson.  From what the court can tell from the complaint, Johnson's salary was greater than the salary dictated by the collective bargaining agreement ("CBA") in effect at the time.  *See* Compl. ¶¶ 10–12.

According to the complaint, when the district awarded a non-CBA salary to non-black Union members, the Union either ignored the higher salary or negotiated a memorandum of understanding with the district.  Compl. ¶ 11.  But in Johnson's case the Union filed a grievance contesting his non-conforming salary.  Compl. ¶ 11.  By so doing, the Commission alleges that the Union intentionally discriminated against Johnson because of his race.  *See* Compl. ¶¶ 11–14.

The Commission seeks money damages, including back pay for Johnson, compensation for his nonpecuniary losses, and punitive damages.  Compl. 4.  The Commission also asks the court to award the following injunctive relief:

> A. Grant a permanent injunction enjoining [sic] Union, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of race.
>
> B. Order Defendant Union to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and which eradicate the effects of its past and present unlawful employment practices.

Compl. 4.

### Rule 12(b)(7) and Rule 19 Standards

On a Rule 12(b)(7) motion the movant "bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined."  *Sterigenics, U.S., LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2023 WL 4744914, at *4 (N.D. Ill July 25, 2023) (quoting *Ochs v. Hindman*, 984 F. Supp. 2d 903, 908 (N.D. Ill. 2013)).  Rule 19 specifies which parties must be joined if feasible, *see* Fed. R. Civ. P. 19(a)(1), and what the court should do if joinder is not feasible, Fed. R. Civ. P. 19(b).  *See generally Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632,

---

[1] The complaint does not say when Johnson's promotion occurred, but the Union represents, and the Commission does not dispute, that Johnson was promoted in 2018.  Mem. Supp. Mot. to Dismiss 4, ECF No. 5.

634–35 (7th Cir. 2009). "The purpose of Rule 19 is to 'permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Id.* at 634 (quoting *Moore v. Ashland Oil, Inc.*, 90 F.2d 1445, 1447 (7th Cir. 1990)).

The Rule 19 analysis proceeds in two steps. *Davis Companies*, 268 F.3d at 481 (citing *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999)). First, the court determines "which parties (if any) fall within the scope of" Rule 19(a)(1). *Askew*, 568 F.3d at 635. If the court identifies such a party, it determines at step two how to proceed. *See id*. If the absent party "is a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction," the court must order the absent party's joinder under Rule 19(a)(2). *Id*.

Rule 19(b) comes into play "[o]nly if the court determines that a party meets the criteria of Rule 19(a)(1)(A) and (B), but the party cannot be joined (usually because joinder would destroy complete diversity or the court lacks personal jurisdiction over it) . . . ." *Id*. Rule 19(b) requires the court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." And lists specific criteria to consider. *See* Fed. R. Civ. P. 19(b). In making this determination, the Seventh Circuit has emphasized Rule 19's focus "on practical measures that will allow either the entire suit or part of it to go forward." *Askew*, 568 F.3d at 635. "Dismissal . . . is not the preferred outcome under the Rules. Courts are 'reluctant to dismiss for failure to join where doing so deprives the plaintiff of his choice of federal forum.'" *Id*. at 634 (quoting *Davis Companies*, 268 F.3d at 481).

## Analysis

At step one, the court must determine whether Rule 19(a)(1) requires the school district to be joined if feasible. *See Askew*, 568 F.3d at 635. The rule provides:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

3

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

### A. Rule 19(a)(1)(A): Afford Complete Relief Among Existing Parties

Rule 19(a)(1)(A) focuses on the parties before the court rather than affording complete relief to the absent parties. *United States ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 480 (7th Cir. 1996). The Union points to the injunctive relief requested in the complaint, specifically the request for an order compelling the Union to "eradicate the effects of its past and present unlawful employment practices." Compl. 4, *quoted in* Mem. Supp. Mot. to Dismiss 3–4. The Union asserts that such an order would have "no practical effect" unless the district is joined because, as Johnson's employer, "o[nly] the district can promote him." Mem. Supp. Mot. to Dismiss 4; *accord*. Reply 3–4, ECF No 22.

The Union cites one case in support of its position, *Hardy v. Bucyrus-Erie Co.*, 398 F. Supp. 64 (E.D. Wis. 1975). In *Hardy*, the court held that a labor Union had to be joined in a proposed Title VII class action against the plaintiff's employer. *Id*. at 66. The plaintiff sought injunctive relief affecting nearly every aspect of the employer's employment practices, including the employer's use of allegedly discriminatory tests and discriminatory education requirements, provision of equal opportunities for training and promotion, and the procedures used to hire, assign, and promote employees. *See id*. at 67. The court held that the Union had to be joined under Rule 19(a)(1) because "[t]he injunctive relief sought by plaintiff … would revamp existing programs and practices contracted by the Union, would certainly affect the interests of the Union and would create a situation in which the defendant company's obligations under the collective

bargaining agreement with the Union might be substantially inconsistent with the obligations imposed upon it by the Court." *Id*.

Unlike the broad challenge to the employer's hiring, firing, promotion, and training practices raised in *Hardy*, the complaint in the case at hand seeks to rectify one allegedly discriminatory employment practice–the Union's grievance of Johnson's salary upon his promotion to head custodian. *See* Compl. ¶¶ 10–14. The Union speculates in its reply brief that other factors may prevent Johnson from being promoted, but it identifies no specific barrier other than its grievance. *See* ECF No. 22 at 3–4. The Union has not identified anything this court would need to order the district to do, or refrain from doing, to provide complete relief between the existing parties. *See* Mem. Supp. Mot. to Dismiss 4–5; Reply 3–4. Because, based on the present record, the Union's grievance stands as the only obstacle to Johnson's promotion and receipt of a salary at a non-CBA rate, the court rejects the Union's argument that the district must be joined to afford complete relief among the existing parties. *See Nor v. Alrashid*, 2022 WL 815542, at *4 (N.D. Ill. Mar. 17, 2022).

### B. Rule 19(a)(1)(B): The Absent Party Claims an Interest Relating to the Subject Matter of the Action

Under Rule 19(a)(1)(B), the court asks whether the school district "claims an interest related to the subject matter of the action," and, if so, whether one of Rule 19(a)(1)(B)'s two prongs is satisfied. *See Davis Companies,* 268 F.3d at 484. The Union represents that, after it grieved Johnson's promotion in 2018, it negotiated a collective bargaining agreement with the district for the period of July 1, 2020, through June 30, 2023. Mem. Supp. Mot. to Dismiss 5. Negotiations over a further CBA were ongoing when the Union filed its motion to dismiss (the court does not know their current status). *See id*. The Union maintains that the district "has an interest in the interpretation and application of the CBA provisions regarding custodian job classifications and pay rates, including whether the CBA needs to be modified in order to remedy the alleged discrimination and whether application of the CBA's terms to Johnson going forward is unlawful." *Id*.

The Union cites several Rule 19 cases holding that a union was a required party in a Title VII action against the plaintiff's employer. *See*, *e.g.*, *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1012 (6th Cir. 1975); *Hardy*, 398 F. Supp. at 66; *Ware v. City of Buffalo*, 186 F. Supp. 2d 324, 330–31 (W.D.N.Y. 2001). These cases accord with the general rule that "the Union may be found to be a party to be joined if feasible under Rule 19(a) in actions brought by employees against their employers requiring an adjudication that might have a significant impact on the collective-bargaining agreement because of the Union's interest in the operation of that contract." *Ware*, 186 F. Supp. 2d at 330–31 (alteration omitted) (quoting 7 Wright, Miller, & Kane [hereinafter "Wright & Miller"], *Federal Practice & Procedure* § 1620 p. 313 (3d ed. 2001)). Conversely, if "the court can enter a decree in a discrimination suit that does not appear to affect the Union's interest, then it need not be joined." 7 Wright & Miller § 1620 (West 2024) (collecting cases in n.18); *see, e.g.*, *Florian v. Sequa Corp.*, 2002 WL 31844985, at *4–6 (N.D. Ill. Dec. 18, 2002) (Gottschall, J.). These rules do not directly apply in the instant suit. In the cases the Union cites, the plaintiff sued his or her employer, and the court decided whether a labor union had to be joined. *See McLean Trucking Co.*, 525 F.2d at 1012; *Hardy*, 398 F. Supp. at 66; *Ware*, 186 F. Supp. 2d at 330–31. Here, the plaintiff has sued a union, and the question is whether Johnson's employer must be joined. Nevertheless, this court agrees generally that the school district has a potential interest in the interpretation of the CBA in effect in 2018, as well as subsequent CBAs.

Looking next to the two prongs of Rule 19(a)(1)(B), the Union argues in its reply brief that the school district faces potentially inconsistent obligations because, if the Commission succeeds, it would be required to (1) comply with the CBA; and (2) promote Johnson and pay him a salary that does not conform to the CBA. *See* Reply 4–6. No such conflict need be created, however. "[A] contracting party may waive provisions beneficial to it or waive strict compliance by conduct or actions 'indicating that strict compliance with a particular provision will not be required.'" *In re Krueger*, 192 F.3d 733, 738 (7th Cir. 1999) (quoting *Barker v. Leonard*, 635 N.E.2d 846, 848 (Ill. App. Ct. 1st Dist. 1994); other citation omitted). This general

6

rule of contract law applies to collective bargaining agreements. *See, e.g.*, *Beer Sales Drivers, Local 744 v. Metro. Distribs., Inc.*, 763 F.2d 300, 303-04 (7th Cir. 1985); *N.L.R.B. v. Westinghouse Elec. Corp.*, 603 F.2d 610, 615 & n.3 (7th Cir. 1979). The Commission alleges that the Union effectively waived the CBA's salary rules for non-African American members but not for Johnson. *See* Compl. ¶ 11. If the Union were ordered to waive the CBA's salary requirements for Johnson, the court has been given no reason to believe that the school district would be subject to inconsistent obligations. *See* Compl. 4.

Regarding substantial impairment of the school district's ability to protect its interests (Rule 19(a)(1)(A)), the Commission does not allege that the 2018 CBA, or any subsequent CBA, is discriminatory in intent or effect. *See* Compl. ¶¶ 10–14. Such allegations were present in the cases on which the Union relies. *See McLean Trucking*, 525 F.2d at 1008 n.2 (CBA's terms allegedly furthered segregation); *Ware*, 186 F. Supp. 2d at 330 (plaintiff requested that the court invalidate a policy to which his employer and the Union were parties). In contrast, the Commission alleges here that the Union discriminated against Johnson by selectively enforcing the CBA. The Commission's claim focuses on the Union's enforcement decision, not the terms of any CBA, and does not implicate the district in its allegations of race discrimination. *See* Compl. ¶¶ 11–14.

Nevertheless, the Union asserts in conclusory fashion that the court "may" need to interpret the July 2020 CBA or the current CBA at the remedy stage to determine if, and if so when, the effects of any discrimination against Johnson were ameliorated. Mem. Supp. Mot. to Dismiss 6–7. Why such an analysis would be required is not obvious. The Union cites no case in which such a remedies analysis occurred, and it does not explain how interpreting the July 2020 CBA or any subsequent CBA has the potential to mitigate the discriminatory effect of its grieving Johnson's salary in 2018. *See id.*; Reply 4–7. Without such an explanation, the Union has not carried its burden to show that the district's ability to protect its interest will be impaired

7

or that it faces a substantial risk of multiple or inconsistent obligations if it is not joined.[2] *See Macklin v. Butler*, 553 F.2d 525, 530–31 (7th Cir. 1977) (per curiam); *Le Beau v. Libbey-Owens-Ford Co.*, 484 F.2d 798, 801–02 (7th Cir. 1973); *Florian*, 2002 WL 31844985, at *5–6.

## Conclusion

For the reasons stated, the Union has not carried its burden to show that Federal Rule of Civil Procedure 19(a)(1) requires joinder, if feasible, of the school district. The court therefore need not proceed to the second step of the Rule 19 analysis. *See Davis Companies*, 268 F.3d at 485. Defendant's motion to dismiss the complaint for failure to join a party required by Rule 19 is denied. The Union's motion to stay discovery pending this ruling is denied as moot.

Dated: January 23, 2024                  /s/ Joan B. Gottschall
United States District Judge

---

[2] At the risk of stating the obvious, the court rules based on the complaint and the limited record as of this date. The court knows relatively little, if anything, about the July 2020 CBA's terms, the terms of any subsequent CBAs, and the relationships and interactions among Johnson, the Union, and the school district. If additional information relevant to the Rule 19 analysis comes to light in discovery, the parties may of course present it in an appropriate motion. *See, e.g.*, Fed. R. Civ. P. 56.